UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRED SANTA MARIA, Jr.,

    Plaintiff,

v.

CITY OF ELIZABETH (N.J.), et al.,

    Defendants.

Civ. No. 15-3243 (KM) (SCM)

**OPINION**

## I. INTRODUCTION

The plaintiff, Fred Santa Maria, Jr., is a state prisoner currently incarcerated at the Union County Jail in Elizabeth, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Mr. Santa Maria's application to proceed *in forma pauperis* will be granted based on the information provided therein and the Clerk will be ordered to file the complaint.

The Court must now review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint will be dismissed as against the Elizabeth Police Department but otherwise permitted to proceed.

## II. BACKGROUND

The allegations of the complaint will be construed as true for purposes of this Opinion. The complaint names four defendants: (1) City of Elizabeth; (2) Elizabeth Police Department; (3) Detective Jose Martinez – Elizabeth Police Department; and (4) Detective Raul Delaprida – Elizabeth Police Department.

The allegations of the Complaint are taken to be true for purposes of screening only. The Complaint alleges that on April 8, 2014, Officers Martinez and Delaprida, undercover detectives, were chasing Mr. Santa Maria in his automobile. After Mr. Santa-Maria was involved in an auto accident, Martinez and Delaprida pulled him out of his car, shoved him to the ground and handcuffed him behind his back. They allegedly kicked and punched his face and body. Mr. Santa Maria sustained a broken nose, a deep laceration to his upper lip, an injured hand and several "broken/bruised" ribs. While detained for over twenty-four hours in a holding cell, he was denied medical attention despite his pleas for help.

Mr. Santa Maria alleges that the Elizabeth Police Department is responsible for continuing to employ Detectives Martinez and Delaprida, who had had "frequently been involved in illegal activities." He also claims that the City of Elizabeth bears ultimate responsibility for their acts. He seeks compensation for his medical bills and for his pain and suffering.

### III. LEGAL STANDARDS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

Per the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the U.S. Court of Appeals for the Third Circuit.

To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC*

*Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## IV.   DISCUSSION

A. <u>Excessive Force Claim</u>

Claims of excessive force during arrest are governed by the Fourth Amendment. *See Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir. 2004) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). The defendant's use of force will be analyzed to determine whether it was objectively reasonable under the circumstances. *See Graham*, 490 U.S. at 397. That reasonableness inquiry "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396.

The complaint alleges the officers kicked and punched Mr. Santa Maria when he was handcuffed and in the prone position. He allegedly suffered a broken nose, lacerations, and other injuries as a result. Those allegations are sufficient to permit Mr. Santa Maria's excessive force claims against Martinez and Delaprida to proceed past screening.

B. Denial of Medical Care

As stated above, Mr. Santa Maria allegedly suffered a broken nose, lacerations, and other injuries. The complaint alleges that he was denied medical treatment for "over 24 hours" while he was held in an Elizabeth Police Department holding cell. He allegedly was in tremendous pain, and cried out for help. This is best understood as a claim that the police violated his right to due process under the Fourteenth Amendment.

A pretrial detainee asserting a due process claim must allege facts to suggest that defendants were deliberately indifferent to his serious medical needs. *See Lenhart v. Pennsylvania*, 528 F. App'x 111, 115 (3d Cir. 2013) (per curiam) (citing *Revere*, 463 U.S. at 243-44; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003)). The applicable standard is as follows:

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's[1] prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. . . (which) remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or

---

[1] In this particular area, Fourteenth Amendment and Eighth Amendment standards are similar. *See Natale,* 318 F.3d at 581-82.

5

> medical malpractice do not trigger constitutional protections. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (per curiam).

"A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *See Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (per curiam) (quoting *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987))). Deliberate indifference can be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury." *McCluskey v. Vincent*, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted).

Mr. Santa Maria's allegations of deliberate indifference to medical needs are thin. Nevertheless, if I give this pro se complaint a liberal construction, they meet the minimal standards of screening. The complaint alleges injuries that were far from life-threatening, but nevertheless should have been obvious (particularly to the officers who allegedly inflicted them). Mr. Santa Maria alleges that he cried out from his cell, alerting officers to his condition, but received no care. That is enough to permit the case to go forward past the screening stage.

C. <u>Vicarious Liability of City of Elizabeth and Elizabeth Police Department</u>

The complaint alleges that the tortious acts were committed by officers Martinez and Delaprida, but it also names the City of Elizabeth and the Elizabeth Police Department as defendants. I will permit the claim of vicarious liability to proceed as against the City, but dismiss the claims against the Police Department.

Mr. Santa Maria alleges that the City of Elizabeth is liable for the actions of Martinez and Delaprida because it continued to employ these two officers, despite their having "frequently

6

been involved in illegal activities." (Complaint p. 4) "Failure to train . . . municipal employees can ordinarily be considered deliberate indifference only where the failure has caused a pattern of violations." *See Kline ex rel. Arndt v. Mansfield*, 255 F. App'x 624, 629 (3d Cir. 2007) (citing *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000) (per curiam) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 408-09 (1997))). Additionally, a claim may arise even in the absence of a pattern of violations:

> [I]n a narrow range of circumstances, a violation of federal rights may be a highly predicable consequence of a failure to equip law enforcement officers with specific tools to handle recurrent situations. The likelihood that the situation will recur and the predictability that an officer lacking specific tools to handle that situation will violate citizens' rights could justify a finding that policymakers' decision not to train the officer reflected "deliberate indifference " to the obvious consequence of the policymakers' choice – namely, a violation of a specific constitutional or statutory right.

*Brown*, 520 U.S. at 409.

The allegations against the City are not very specific or persuasive. I nevertheless liberally construe this pro se complaint to allege that Detectives Martinez and Delaprida had engaged in a pattern of violations, of which the City was or should have been aware. That allegation—unproven, of course—is sufficient as to the City of Elizabeth.

The complaint separately names as a defendant the Elizabeth Police Department. A New Jersey municipal police department is not an independent entity with the capacity to be sue and be sued, but only "an executive and enforcement function of municipal government." N.J. STAT. ANN. § 40A:14-118. The case law under Section 1983 uniformly holds that the proper defendant is therefore the municipality itself, not the police department. *See Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 n.2 (3d Cir. 2014) (per curiam) ("We further agree with the District Court that the police department was not a proper party to this action. Although local

governmental units may constitute 'persons' against whom suit may be lodged under 42 U.S.C. § 1983, a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part.") (citation omitted); *see also Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997) (Court "treat[s] the municipality and its police department as a single entity for purposes of section 1983 liability"); *Michaels v. State of New Jersey*, 955 F. Supp. 315, 317 n.1 (D.N.J. 1996) (Newark police department not a proper party).[2]

A claim against the Department is in reality a claim against the City. The Court will therefore dismiss Mr. Santa Maria's claims against the Elizabeth Police Department with prejudice.

### D. Application for Appointment of Pro Bono Counsel

Mr. Santa Maria has also filed a request for the appointment of counsel. Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). As a threshold matter, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155-56, 157 n.5; *see also Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011) (per curiam) (reiterating the *Tabron* factors).

---

[2] I have previously so held with respect to the police departments of Elizabeth, NJ and Byram, NJ. *Jefferson v. Elizabeth Police Dept.*, 2015 WL 733688 at *3 (D.N.J. 2015); *Rivera v. Zwiegle*, 2014 WL 6991954 at *3 (D.N.J. 2014). *See also Desposito v. New Jersey*, 2015 WL 2131073 at *7 (D.N.J. 2015) (Arleo, J.) (citing *Rivera* and dismissing claims against Westwood Police Department); *Stewart v. City of Atlantic Police Dept.*, 2015 WL 1034524 at *3 (D.N.J. 2015) (Hillman, J.) (citing *Rivera* and dismissing claims against Atlantic City Police Department).

The power to appoint counsel lies solely with the discretion of this Court. *See Parham*, 126 F.3d at 457.

The complaint is fairly straightforward and easy to follow. It is impossible to say at this early stage that the claims are meritorious, or that the other *Tabron* factors have been established. *See Miller v. New Jersey Dep't of Corr.*, No. 08-3335, 2009 482379, at *15 (D.N.J. Feb. 25, 2009) (citing *Chatterjee v. Phila. Fed'n of Teachers*, Nos. 99-4122, 99-4233, 2000 WL 1022979 (E.D. Pa. July 18, 2000)). Accordingly, the Court will deny the request for the appointment of counsel. This denial will be without prejudice to a reapplication depending on the development of the claims and facts in the pretrial discovery process.

## V.    CONCLUSION

For the foregoing reasons, the complaint will be permitted to proceed for the most part. As against the City of Elizabeth, Martinez, and Delaprita, the claims of excessive force, deliberate indifference to medical needs, and failure to train officers will be permitted to proceed. As against the Elizabeth Police Department, however, the complaint will be dismissed with prejudice. The application for *in forma pauperis* status is granted. The request for appointment of counsel is denied without prejudice to renewal later in the case. An appropriate order will be entered.

Dated: May 20, 2015

_____
KEVIN MCNULTY
United States District Judge

9